IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Criminal Action No. 5:99CR13-03
                                                        (STAMP)
RODNEY D. EDMONSON,

        Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

The defendant in the above-styled criminal action was convicted of conspiracy to distribute and distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, which subjected him to a minimum mandatory sentence of not less than ten years. Prior to his conviction and sentencing, the United States filed an information pursuant to 21 U.S.C. § 851 which then subjected him to a minimum mandatory sentence of 20 years (240 months) upon conviction. This Court sentenced defendant to the minimum 240 months on September 13, 1999. Currently, the defendant is serving that sentence.

## I.  Background

Amendment 706 to the Sentencing Guidelines generally reduced by two levels the base offense level for crack cocaine offenses in § 2D1.1(c) of the guidelines. See Amendment 706, Supplement to Appendix C, Amendments to the Guidelines Manual. The Sentencing Commission has given this amendment retroactive effect and has

listed it in § 1B1.10(c) of the guidelines, a requirement for retroactive amendments.

On November 3, 2011, the Federal Public Defender filed a 18 U.S.C. § 3582(c)(2) motion on the defendant's behalf requesting that this Court reduce the defendant's sentence pursuant to the United States Sentencing Commission's retroactive application of the guideline amendments for crack cocaine offenses. This Court denied that motion on January 17, 2012 because of the nature of the defendant's underlying conviction. Because the defendant was subject to a ten year minimum sentence, which was then increased to a 20 year minimum sentence by way of the United States's information pursuant to 21 U.S.C. § 851, this Court held that the defendant would still be subject to the 20 year sentence despite the fact that the advisory guideline range is now lower than 240 months (20 years).

The defendant now moves this Court to alter or amend the order. The plaintiff filed a response to which the defendant replied. For the reasons set forth below, this Court denies the defendant's motion to alter or amend the order.

## II.  Applicable Law

The defendant files his motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  See Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  Id.  A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly.  See id.  It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly."  Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III.  Discussion

The essence of the defendant's argument is that the Federal Public Defender filed the § 3582(c)(2) motion without his permission.  The defendant, however, does not provide any evidence that the Federal Public Defender did not receive permission before filing the motion on his behalf.  Further, he does not provide any evidence that the law has changed since the January 17, 2012 order which would require this Court to reduce his sentence.

This Court notes that the defendant has untimely filed his motion pursuant to Rule 59(e).  Rule 59(e) requires that the motion be filed "no later than 28 days after the entry of the judgment."  F. R. Civ. P. 59(e).  Here, the defendant filed his motion 49 days

after the judgment was entered.  Thus, this motion is untimely, however, this Court finds that the defendant's motion also fails on the merits.

The defendant's contentions do not cause this Court to reconsider its findings.  Indeed, the defendant has not submitted any new evidence that would warrant altering or amending the earlier order.  The defendant has not provided any evidence that reveals that the Federal Public Defender did not have his permission.  Furthermore, there has been no change in the controlling law since this Court issued its order, and this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

## IV.  Conclusion

For the reasons stated above, the defendant's motion to alter or amend this Court's January 17, 2012 order denying the defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1).  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with

4

Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the defendant may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue a certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the defendant by certified mail and to counsel of record herein.

DATED:    October 7, 2013


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE